UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **WILLIAM HOLLY,** | |
| **Petitioner,** | |
| v. | No. 3:24 CV 698 |
| **WARDEN,** | |
| **Respondent.** | |

## OPINION and ORDER

William Holly, a prisoner without a lawyer, filed a habeas petition challenging the calculation of his sentence issued by the Allen Superior Court in Case No. 02D04-9105-CF-255 on November 10, 1994. According to Holly, the sentence has already expired, and he seeks his immediate release from custody. On January 31, 2025, the Warden filed a motion to dismiss, arguing that this habeas petition is an unauthorized successive petition. He also argues that the sentence calculation claim is untimely and procedurally defaulted.

Also pending is the Warden's motion to extend the deadline to file a reply in support of the motion to dismiss by five days, and Holly's motion to strike the reply brief as untimely. (DE ## 26, 30.) The court finds good cause to grant the extension, accepts the reply brief as timely, and denies the motion to strike.

I.  PROCEDURAL HISTORY

The procedural history relevant to this case is both lengthy and complicated. In 1994, Holly was convicted in Indiana of robbery, rape, and attempted murder, and was

sentenced to 78 years' imprisonment. (DE # 16-11.) At the time of this conviction, Holly was already serving a federal sentence. (*Id.*) His State sentence ran concurrently with the tail-end of the federal sentence. (*Id.*) In June 2011, Holly filed a habeas petition in the Miami Circuit Court in Case No. 52C01-1106-MI-240, arguing that his State sentence was void because it had run concurrently with his federal sentence.[1] In Case No. 52A04-1109-MI-492, the Indiana Court of Appeals rejected this claim, reasoning that Holly had cited no authority for the proposition that the concurrent running of State and federal sentences was improper and that, even if it was, the proper remedy would be to modify the sentence rather than voiding the State sentence in its entirety. *Holly v. State*, 980 N.E.2d 448 (Ind. Ct. App. 2012). On May 30, 2013, the Indiana Supreme Court declined to accept transfer of the appeal.

On June 7, 2013, Holly filed a federal habeas petition in this court challenging the State court decision. *Holly v. Superintendent*, 3:13-cv-546 (N.D. Ind. dismissed Aug. 10, 2015). This court resolved the claim as follows:

> Second, Holly argues that his Indiana sentence should not have run concurrent to his federal sentence. This argument is more than a bit perplexing. Concurrent sentences run at the same time and allow an inmate to get prison credit for the same day on separate sentences. The alternative is a consecutive sentence where the inmate must complete the first sentence before he starts the second one. A concurrent sentence allows an inmate to get out of prison sooner than he would if he served consecutive sentences. Nevertheless, Holly makes this argument because he believes that Indiana law did not permit a concurrent sentence in his case and therefore the sentence is void. The Court of Appeals of Indiana found "no authority for the proposition that the concurrent running of his

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

>federal and state sentences was improper." It also found that even if Indiana law had required consecutive sentences, the proper remedy would have been re-sentencing, not release. If that had happened, Holly would spend more time in prison – clearly not the result he is looking for and clearly not a basis for habeas corpus relief. Moreover, even if the Indiana courts have misinterpreted Indiana law and sentenced Holly to less time than required by State statute, "federal habeas corpus relief does not lie for errors of state law." Being given a lesser sentence than permitted by State law does not violate the constitution and "Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." Therefore this claim cannot be a basis for habeas corpus relief.

*Holly v. Superintendent*, 2015 WL 4724811, at *2 (N.D. Ind. Aug. 10, 2015) (internal citations omitted).

On January 11, 2019, Holly filed with the Seventh Circuit an application for authorization to pursue a successive habeas petition on a similar claim, asserting that the State sentence was expired rather than void. (DE # 16-11.) The Seventh Circuit denied the application as unnecessary, characterizing Holly's claim as a challenge to the calculation of his sentence rather than a challenge to his underlying conviction or the sentence itself. (*Id.*) On May 29, 2019, Holly filed a federal habeas petition with this court in *Holly v. Warden*, 3:19-cv-416 (N.D. Ind. dismissed March 10, 2021). The court dismissed this habeas petition because Holly had failed to exhaust State court remedies by not challenging his sentence calculation in State court. (DE # 16-13.)

On July 21, 2022, Holly reinitiated State post-conviction proceedings in Case No. 02D04-0706-PC-73. On January 23, 2023, the Allen Superior Court issued an order denying post-conviction relief, tracking the reasoning of this court in Case No. 3:13-cv-546 and the State appellate court in Case No. 52A04-1109-MI-492. (DE # 16-14.) On

3

March 19, 2024, the Indiana Court of Appeals dismissed as untimely Holly's appeal of the order denying post-conviction relief. (DE # 16-15.)

## II. HABEAS PROCEDURE

### a. Petition Is Not An Unauthorized Successive Petition Or Untimely

The Warden argues that this habeas petition is an unauthorized successive petition and that the claims are untimely and procedurally defaulted. As an initial matter, the court observes that the habeas petition does not squarely challenge a State court conviction or sentence, but rather challenges the calculation of a State sentence. "[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241." *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). However, "the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Holly is a State prisoner so the requirements of Section 2254 apply. Section 2254(b) expressly requires the exhaustion of State court remedies. Consequently, the exhaustion requirement and its corollary, the procedural default doctrine, apply to this habeas proceeding. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts . . . .. A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."). The highly deferential standard of review articulated in Section 2254(d) also applies to this proceeding.

4

Section 2244(b) generally prohibits individuals from filing successive habeas petitions without authorization from the Seventh Circuit. The Warden's argument that Holly has filed an unauthorized successive petition is not unreasonable on its face given the earlier-filed petition containing a substantially similar claim that this court resolved on its merits. However, the Seventh Circuit has already construed the claim in this case as a legally distinct claim that does not require such authorization and further found that "§ 2244(b)'s limitations have no bearing here." (DE # 16-11.) The court will follow the lead of the Seventh Circuit on this point.

The court next considers the issue of timeliness. The federal limitations period is codified at 28 U.S.C. § 2244(d). While the Seventh Circuit has held that the requirements set forth in Section 2254 apply to cases like this one, "challenges to the computation of a sentence must be brought under 28 U.S.C. § 2241." *Clemente*, 120 F.3d at 705. "There is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007).

The court acknowledges that the patchwork of appellate decisions on habeas procedure is thorny and difficult to navigate, and it may seem unusual to find that the exhaustion requirement set forth in Section 2254 applies in this case but that the timeliness constraints set forth in Section 2244 do not. However, the Seventh Circuit reached a similar conclusion in the context of prison disciplinary proceedings in *Cox v. McBride*, 279 F.3d 492 (7th Cir. 2002). And there is inherent logic in declining to impose a timeliness constraint in the context of a sentence calculation claim; to hold otherwise would allow a State to imprison an inmate who has completed his sentence in

5

perpetuity once the one-year limitations period had passed. Consequently, the court declines to dismiss this case as an unauthorized successive petition or as untimely.

### b. Claim In Petition Is Not Procedurally Defaulted

As detailed above, the procedural default doctrine does apply to this case. The Warden argues that Holly's claim is procedurally defaulted because he did not file a timely notice of appeal on post-conviction review. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* "Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006).

To the Warden's point, it is true that Holly did not fairly present his claim at each level of State court post-conviction review, and Holly asserts no valid excuse for this procedural shortcoming. However, Holly presented a substantially similar claim at each level of the State court in State habeas proceedings in Case No. 52A04-1109-MI-492. Given that "hypertechnical congruence" is not required, the court declines to find that the claim is procedurally defaulted, and the court denies the motion to dismiss.

6

As a final matter, the court observes that the merits of the sentencing calculation claim remain unbriefed. Consequently, the court will order the Warden to file a response to the habeas petition addressing the merits of the claim. Once that response is received, the court will order Holly to file a traverse.

## III. CONCLUSION

For these reasons, the court:

(1) **GRANTS** the motion to extend (DE # 26);

(2) **DENIES** the motion to strike (DE # 30);

(3) **DENIES** the motion to dismiss (DE # 16); and

(4) **ORDERS** the Warden to file a response to the habeas petition addressing the merits of the habeas claim by **September 30, 2025**.

                                    **SO ORDERED.**

Date: August 29, 2025

                                    s/James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT