UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM HOLLY, | |
| Petitioner, | |
| v. | No. 3:24 CV 698 |
| WARDEN, | |
| Respondent. | |

## OPINION and ORDER

William Holly, a prisoner without a lawyer, filed a habeas petition challenging the calculation of his sentence issued by the Allen Superior Court in Case No. 02D04-9105-CF-255 on November 10, 1994. According to Holly, the sentence has already expired, and he seeks his immediate release from custody. On January 31, 2025, the Warden filed a motion to dismiss, arguing that this habeas petition was an unauthorized successive petition and that the sentence calculation claim was untimely and procedurally defaulted. On August 29, 2025, the court denied the motion to dismiss and ordered the parties to brief the merits of the claim, which they have now done. (DE ## 35, 42, 45.)

I.   BACKGROUND

Before addressing the merits of the claim, the court will again recount the relevant procedural history, which is both lengthy and complicated. In 1994, Holly was convicted in Indiana of robbery, rape, and attempted murder for which he was sentenced to 78 years' imprisonment. (DE # 16-11.) At the time of this conviction, Holly

was already serving a federal sentence. (*Id.*) His State sentence ran concurrently with the tail-end of the federal sentence. (*Id.*) In June 2011, Holly filed a habeas petition in the Miami Circuit Court in Case No. 52C01-1106-MI-240, arguing that his State sentence was void because it had run concurrently with his federal sentence.[1] In Case No. 52A04-1109-MI-492, the Indiana Court of Appeals rejected this claim, reasoning that Holly had cited no authority for the proposition that the concurrent running of State and federal sentences was improper and that, even if it was, the proper remedy would be to modify the sentence rather than voiding the State sentence in its entirety. *Holly v. State*, 980 N.E.2d 448 (Ind. Ct. App. 2012). On May 30, 2013, the Indiana Supreme Court declined to accept transfer of the appeal.

On June 7, 2013, Holly filed a federal habeas petition in this court challenging this State court decision in *Holly v. Superintendent*, 3:13-cv-546 (N.D. Ind. dismissed Aug. 10, 2015). This court resolved the claim as follows:

> Second, Holly argues that his Indiana sentence should not have run concurrent to his federal sentence. This argument is more than a bit perplexing. Concurrent sentences run at the same time and allow an inmate to get prison credit for the same day on separate sentences. The alternative is a consecutive sentence where the inmate must complete the first sentence before he starts the second one. A concurrent sentence allows an inmate to get out of prison sooner than he would if he served consecutive sentences. Nevertheless, Holly makes this argument because he believes that Indiana law did not permit a concurrent sentence in his case and therefore the sentence is void. The Court of Appeals of Indiana found "no authority for the proposition that the concurrent running of his federal and state sentences was improper." It also found that even if Indiana law had required consecutive sentences, the proper remedy

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2

> would have been re-sentencing, not release. If that had happened, Holly would spend more time in prison – clearly not the result he is looking for and clearly not a basis for habeas corpus relief. Moreover, even if the Indiana courts have misinterpreted Indiana law and sentenced Holly to less time than required by State statute, "federal habeas corpus relief does not lie for errors of state law." Being given a lesser sentence than permitted by State law does not violate the constitution and "Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." Therefore this claim cannot be a basis for habeas corpus relief.

*Holly v. Superintendent*, 2015 WL 4724811, at *2 (N.D. Ind. Aug. 10, 2015).

On January 11, 2019, Holly filed with the Seventh Circuit an application for authorization to pursue a successive habeas petition on a similar claim, asserting that the State sentence was expired rather than void. (DE # 16-11.) The Seventh Circuit denied the application as unnecessary, characterizing Holly's claim as a challenge to the calculation of his sentence rather than a challenge to his underlying conviction or the sentence itself. (*Id.*) On May 29, 2019, Holly filed a federal habeas petition with this court in *Holly v. Warden*, 3:19-cv-416 (N.D. Ind. dismissed March 10, 2021). The court dismissed this habeas petition because Holly had failed to exhaust State court remedies by not challenging his sentence calculation in State court. (DE # 16-13.)

On July 21, 2022, Holly reinitiated State post-conviction proceedings in State court in Case No. 02D04-0706-PC-73. On January 23, 2023, the Allen Superior Court issued an order denying post-conviction relief, tracking the reasoning of this court in Case No. 3:13-cv-546 and the State appellate court in Case No. 52A04-1109-MI-492. (DE # 16-14.) On March 19, 2024, the Indiana Court of Appeals dismissed the appeal of the

3

order denying post-conviction relief because the notice of appeal was untimely. (DE # 16-15.)

## II. STANDARD OF REVIEW

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods,* 575 U.S. at 316. To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal

4

habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### III. DISCUSSION

Holly's argument that his State sentence has expired is difficult to parse, but it appears to be based on his understanding that a series of criminal sentences must be served entirely in a consecutive manner or served entirely in a concurrent manner. He posits that because State officials have acknowledged that his State sentence ran concurrently with his federal sentence to some degree, his entire State sentence must have ran concurrently with his federal sentence. He further posits that because he completed his federal sentence in 1995, he also completed his State sentence at that time.

After reviewing the record, the court cannot find that the Allen Superior Court's determination on this claim was unreasonable, and it also largely agrees with the prior decisions of this court and the Indiana Court of Appeals on the merits of this claim. Holly cites no decision from the Supreme Court of the United States (or any other legal authority) for the proposition that requiring him to serve a series of criminal sentences in a partially concurrent manner violates his constitutional rights or is otherwise illegal.

Further, though Holly asserts that the State has stopped and restarted his sentence, the basis for this understanding is unclear. As evidence, he relies on a letter from the IDOC central office explaining that his State sentence and his federal sentence ran concurrently for a short period of time (DE # 45-1), but this letter offers no indication that the State has stopped and restarted his State sentence or that his State sentence has expired.

It is similarly unclear why the remedy for such a purported violation would be to invalidate the State sentence and to immediately release Holly rather than to simply require the State to properly calculate his sentence. And, as previously noted by this court, that remedy would not be favorable to Holly because a proper calculation would render the two sentences entirely consecutive, thus increasing his total time of incarceration by about eight months.

Holly cites judicial opinions in the memorandum in support of his petition, but the cited propositions do not appear to relate to Holly's circumstances. In *Shields v. Beto*, 370 F.2d 1003, 1004 (5th Cir. 1967), the Fifth Circuit held that "[a] prisoner cannot be required to serve his sentence in installments," but there is no indication that Holly has served his State sentence in installments or that the State sentence has stopped running since the date of sentencing in November 10, 1994. He cites *Dunne v. Keohane*, 14 F.3d 335, 336 (7th Cir. 1994), for the proposition that "[t]he government is not permitted to delay the expiration of the sentence either by postponing the commencement of the sentence or by releasing the prisoner for a time and then reimprisoning him," but, again, the record reflects that the State sentence began to run on the date of sentencing in November 1994, and there is no indication that he has since been released from prison. He also quotes *United States v. Melody*, 863 F.2d 499, 502 (7th Cir. 1988), for the proposition that "a sentence is illegal if it is ambiguous with respect to the time in which it is to be served or if the terms and conditions of the sentence are sufficiently ambiguous as to be of no effect," but there is nothing apparently ambiguous about the length, start date or terms of Holly's State sentence. The judicial opinions cited by Holly

6

in his traverse largely consist of the State appellate courts affirming denials of motions relating to credit time calculation and fare no better. *See e.g., Doyle v. State*, 247 N.E.3d 749 (Ind. Ct. App. 2024); *Kreilein v. State*, 205 N.E.3d 226 (Ind. Ct. App. 2023); *Noble v. State*, 124 N.E.3d 657 (Ind. Ct. App. 2019).

In sum, Holly has not demonstrated that the Allen Superior Court rendered an unreasonable determination on his sentence calculation claim. Therefore, the claim is not a basis for habeas relief.

In the traverse, Holly also asserts an interference of access to the courts claim for money damages against the Warden for failing to facilitate his litigation of his sentence expiration claim. Significantly, Holly cannot obtain damages in this habeas case. *See Preiser v. Rodriguez*, 411 U.S. 475, 494(1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). It is also unclear how this claim amounts to a challenge to Holly's custody as required for habeas relief under Section 2241 or Section 2254. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a). Additionally, it is unclear how the Warden could have materially interfered with Holly's access to the courts given that Holly has now obtained five separate rulings by four different courts on the merits of his sentence expiration claim and a favorable procedural ruling by a fifth court.[2] Therefore, this claim is not a basis for habeas relief, and the court denies the habeas petition.

---

[2] As detailed above, these courts include the Miami Circuit Court, the Allen Superior Court, the Indiana Court of Appeals, the Seventh Circuit Court of Appeals, and this court twice – once in 2015 and again in this order.

7

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Holly to proceed further.

## IV.    CONCLUSION

For these reasons, the court **DENIES** the habeas corpus petition (DE # 1); **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and **DIRECTS** the Clerk to enter judgment in favor of the Respondent and against the Petitioner.

**SO ORDERED.**

Date: December 10, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT